IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

EVA J. GREEN                                                                                           PLAINTIFF

vs.                                     Civil No. 1:16-cv-01068

CAROLYN W. COLVIN                                                         DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Eva J. Green ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

1. **Background:**

Plaintiff protectively filed her disability applications on December 18, 2008. (Tr. 238-249). In these applications, Plaintiff alleges being disabled due to problems with her left leg, bad headaches, cellulitis, and vision problems. (Tr. 277). Plaintiff alleges an onset date of January 18, 2008. (Tr. 277). Her applications were denied initially and again upon reconsideration. (Tr. 111-114).

1

Thereafter, Plaintiff requested an administrative hearing, and that hearing request was granted. (Tr. 158-164). After making this request, Plaintiff's first administrative hearing was held on April 8, 2010 in El Dorado, Arkansas. (Tr. 68-110). Thereafter, the ALJ held a second administrative hearing on August 22, 2012 in El Dorado, Arkansas. (Tr. 33-67). After those administrative hearings, the ALJ entered an unfavorable decision denying Plaintiff's applications for disability benefits. (Tr. 9-24). In this decision, the ALJ found Plaintiff *could not* perform her Past Relevant Work ("PRW") but could perform other work existing in significant numbers in the national economy. *Id.*

Plaintiff appealed that unfavorable decision to this Court, and Plaintiff's case was reversed and remanded because the ALJ's disability determination was not supported by substantial evidence in the record. *See Green v. SSA,* 1:13-cv-01095, ECF Nos. 18-19 (W.D. Ark. 2014). Notably, the Court determined the ALJ had improperly relied at Step Five upon the testimony of a vocational expert which conflicted with the *Dictionary of Occupational Titles. Id.* Because of this error, as recognized by the Court, the ALJ's disability determination was not supported by substantial evidence in the record. *Id.*

After this remand, the ALJ held a third administrative hearing on January 19, 2016. (Tr. 938-960). At this hearing, Plaintiff was present and was represented by counsel, Randolph Baltz. *Id.* Plaintiff and Medical Expert ("ME") Kweli Amusa testified at this hearing. *Id.* During this third hearing, Plaintiff testified she was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 416.963(d) ("SSI"). (Tr. 947). As for her education, Plaintiff also testified she had obtained her GED. *Id.*

On March 16, 2016, the ALJ again entered a fully unfavorable decision denying Plaintiff's disability applications. (Tr. 912-928). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 917, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 1, 2009 (her amended alleged onset date). (Tr. 917, Finding 2). The ALJ found Plaintiff had the following severe impairments: dextroscoliosis of the lumbar spine, degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, and obesity. (Tr. 917-921, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 921-922, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 922-926, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).

*Id.*

The ALJ then evaluated Plaintiff's PRW. (Tr. 926-927, Finding 6). Specifically, considering her RFC, the ALJ determined Plaintiff was capable of performing her PRW as an office manager. *Id.* As such, because Plaintiff retained the ability to perform her PRW as an office manager, the ALJ determined she had not been under a disability (as defined in the Act) from August 1, 2009 through the date of her decision or through March 16, 2016. (Tr. 927, Finding 7).

The Appeals Council did not assume jurisdiction of this case. Thereafter, on July 14, 2016, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 18-19. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

4

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In her appeal brief, Plaintiff raises the following four arguments for reversal: (A) the ALJ erred by failing to comply with the previous district court's remand order; (B) the ALJ erred in assessing her RFC; (C) the ALJ erred in evaluating her credibility; and (D) the ALJ erred in assessing her ability to work. ECF No. 18 at 1-15. The Court will address each of these arguments.

    **A.** **Previous District Court Order**

Plaintiff claims this case must be reversed and remanded because the current ALJ failed to

comply with this Court's remand instructions.[1] *See Green v. SSA,* 1:13-cv-01095, ECF Nos. 18-19 (W.D. Ark. 2014). Specifically, Plaintiff claims the second administrative opinion wherein the ALJ found Plaintiff *could perform* her PRW was in conflict with the first administrative opinion wherein the ALJ found Plaintiff *could not perform* her PRW. ECF No. 18 at 4-9. Plaintiff claims that the determination of whether she could perform her PRW was decided in the first administrative decision and cannot be changed in the second administrative decision. *Id.*

Upon review of Plaintiff's argument, the Court disagrees. When the first administrative decision was appealed to this Court, the only issued addressed was whether the ALJ's Step Five determination was supported by substantial evidence, and the Court found it was not. *See Green v. SSA,* 1:13-cv-01095, ECF No. 18 (W.D. Ark. 2014). The Court did not address Plaintiff's PRW and whether Plaintiff retained the capacity to perform her PRW or not. Thus, there has been no demonstration that the ALJ was barred from re-evaluating this issue and finding Plaintiff indeed did retain the capacity to perform her PRW. Accordingly, the Court finds no basis for reversal on this issue.

**B.    RFC Assessment**

Plaintiff claims the ALJ erred in assessing her RFC. ECF No. 18 at 9-13. Notably, Plaintiff argues the ALJ improperly "discarded opinions of Drs. Crowe, Lauster, and Davis, who imposed significant limitations of Plaintiff's physical activities." *Id.* Plaintiff argues the ALJ disregarded their findings because Plaintiff "engaged in slow dancing activities." *Id.* Plaintiff argues that her

---

[1] The instructions on remand were included in a report and recommendation and were subsequently adopted by the district court.

ability to perform the full range of light work on a day in, day out basis requires more than just the ability to engage in some dancing and other limited activities. *Id.*

Upon review of the ALJ's evaluation of Plaintiff's RFC, the Court finds that determination is supported by substantial evidence in the record. Indeed, as the ALJ noted the "record is replete with references to activities far beyond those acknowledged at the hearing." (Tr. 924). These include seeking treatment "for neck pain after jumping off a diving board," reporting aggravated back pain after a fight at the trailer park and thereafter being arrested, complaining of right lower leg pain after "walking at the fair," and going dancing every weekend. (Tr. 924-925). Thus, the Court cannot find the ALJ based her RFC determination simply upon the fact that Plaintiff was able to engage in some limited dancing.

### C.     Credibility Determination

Plaintiff claims the ALJ erred in assessing her credibility. ECF No. 18 at 13. In making this argument, Plaintiff claims her testimony "was not given sufficient weight" and was "treated as not being credible without any explanation." *Id.* Upon review, however, for the same reasons stated above, the Court disagrees with this argument. The ALJ in the present action provided several detailed, valid, and credible reasons for discounting Plaintiff's subjective complaints. Thus, the Court finds no basis for reversal on this issue. *See Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing that the court will "defer to the ALJ's determinations regarding the credibility of testimony, as long as they are supported by good reasons and substantial evidence").

### D.     Ability to Work

Plaintiff claims the ALJ erred by "summarily" concluding she can return to her PRW as an office manager. ECF No. 18 at 14-15. Upon review, the Court also finds this argument is without

merit. Indeed, even though the ALJ did not go into great detail at this third administrative hearing regarding her PRW, the ALJ did address this issue at the first administrative hearing. (Tr. 75-76). Based upon the Court's review of this decision and this administrative hearing, the Court finds no basis for Plaintiff's argument that the ALJ reached an unsupported conclusion on this issue.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends that it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 14th day of December 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE